UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.   Case No.:   3:20cr082/MCR

CHRISTOPHER E. MILES.
_____/

# ORDER

Defendant Christopher E. Miles pled guilty to one count of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Miles' Presentence Investigation Report classifies him as an armed career criminal, subject to an enhanced sentence under 18 U.S.C. § 924(e) based on three prior Florida convictions—two convictions for felony battery, and one conviction for possessing a listed chemical (pseudoephedrine) with intent to unlawfully manufacture a controlled substance. *See* PSR, ECF No. 48 at ¶¶ 36, 65-66, 69. The resulting Guideline range is 180 to 210 months.[1] Miles objects to the armed career criminal classification on grounds that his prior drug conviction does not qualify as a "serious drug offense" under the Armed Career Criminal Act. On consideration, the Court finds that Miles' objection is due to be overruled.

---

[1] Based on a total offense level of 30 and a criminal history category of VI, the Guideline range was 168 to 210 months; however, the bottom end of the range became 180 months due to the statutory mandatory minimum. *See* U.S.S.G. § 5G1.1.

Under the ACCA, a defendant who is convicted of being a felon in possession of a firearm is subject to a mandatory minimum sentence of 15 years (180 months) if he has three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 924(e)(1). The parties agree that Miles' prior convictions for felony battery qualify as violent felonies for purposes of the ACCA. The only dispute is whether his prior conviction for possessing a listed chemical with intent to unlawfully manufacture a controlled substance qualifies as a serious drug offense. This conviction must qualify in order for Miles to have the three predicates necessary to support an ACCA-enhanced sentence.

The ACCA defines a "serious drug offense" to include any state law offense "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . ., for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The term "involving" is construed "broadly" and "makes clear that the term 'serious drug offense' may include even those state offenses that do not have as an element the manufacture, distribution, or possession of drugs with intent to manufacture or distribute." *United States v. Conage*, 976 F.3d 1244, 1253 (11th Cir. 2020). In determining whether a prior conviction falls within this definition, sentencing courts generally employ a categorical approach, looking only to the statutory definition of the offense, without inquiring into the defendant's specific conduct in committing it

or "the label a State assign[ed] to the crime." *Shular v. United States*, 140 S. Ct. 779, 783 (2020). Under this approach, courts consider only whether the least of the acts criminalized by the state offense "necessarily require[s]" or "necessarily entail[s] one of the types of *conduct*" identified in the ACCA—again, the manufacture, distribution, or possession with intent to manufacture or distribute, a controlled substance. *Id.* at 782, 784. If so, then the offense categorically qualifies as an ACCA predicate and the inquiry ends there. If not, then offense cannot categorically qualify as an ACCA predicate, even if the particular facts underlying the defendant's own conviction might satisfy the definition.

The Florida statute under which Miles was convicted provides, in relevant part, that

> [i]t is unlawful for any person to knowingly or intentionally: (a) [p]ossess a listed chemical with the intent to unlawfully manufacture a controlled substance; (b) [p]ossess or distribute a listed chemical knowing, or having reasonable cause to believe, that the listed chemical will be used to unlawfully manufacture a controlled substance."

*See* Fla. Stat. § 893.149(1). Violation of the statute is a second-degree felony, *see id*. at § 893.149(2), punishable by up to 15 years of imprisonment, *see id*. at § 775.082(3)(d).

On consideration, the Court concludes that all of the conduct prohibited by Fla. Stat. § 893.149(1) necessarily entails the manufacture of methamphetamine. Methamphetamine can be made largely from chemical ingredients purchased over

the counter. Thus, the possession or distribution of those chemicals is "an essential first step" in the methamphetamine manufacturing process. *See United States v. Eason*, 919 F.3d 385, 391 (6th Cir. 2019); *see also United States v. Hyde*, 977 F.2d 1436 (11th Cir. 1992) (observing that the criminalization of possessing certain precursor chemicals is part of the "Federal effort to control the distribution of" controlled substances by "penaliz[ing] acts earlier in the process of manufacturing" those substances). Florida criminalizes that first step and, to ensure the offense captures only conduct that involves manufacturing methamphetamine, Fla. Stat. § 893.149(1) requires proof that the defendant possessed or distributed the chemical ingredient intending, knowing, or having reasonable cause to believe that it would be used to produce methamphetamine. In other words, both the minimal conduct required (possession of a precursor chemical) and the minimal mens rea required (reasonable cause to believe the chemical would be used in methamphetamine manufacturing) indirectly, if not directly, entails "the production, preparation, propagation, compounding or processing of" methamphetamine. *See* 21 U.S.C. § 802(15) (defining "manufacturing" of a controlled substance). Accordingly, it is clear that a conviction under Fla. Stat. § 893.149(1) "involves" manufacturing a controlled substance for purposes of the ACCA.

Miles argues that Fla. Stat. § 893.149(1) cannot qualify as a "serious drug offense" because the minimum mens rea required to support a conviction—

reasonable cause to believe—is too far "attenuated" from the actual conduct of manufacturing methamphetamine. This is incorrect. It is true that "[n]ot all offenses bearing any sort of relationship with drug manufacturing, distribution, or possession with intent to manufacture or distribute will qualify as [ACCA] predicate[s]," and that the "relationship must not be too remote or tangential." *United States v. McKenney*, 450 F.3d 39, 45 (1st Cir. 2006). However, an offense requiring "reasonable cause to believe" that a chemical will be used to manufacture a controlled substance is neither remote from nor tangential to actual manufacturing. This is because the offense requires that a defendant have possessed or distributed the chemical while knowing facts that would cause a reasonable person, knowing the same facts, to reasonably conclude that the chemical would be used to manufacture a controlled substance. *See United States v. Gjergji*, 567 F. App'x 728, 733 (11th Cir. 2014) (defining "reasonable cause to believe") (quoting *United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005)). Thus, Fla. Stat. § 893.149(1) does not apply to mere inadvertent or unsuspecting possession of a listed chemical; rather, it requires more—namely, at the very least, knowledge of facts that reasonably and foreseeably connect the defendant's possession or distribution with the actual "production, preparation, propagation, compounding or processing of" a controlled substance. This requirement brings the offense within the ambit of the ACCA. Other courts have reached the same conclusion with respect to similar statutes. *See*

*Eason*, 919 F.3d 385 (purchasing listed chemicals needed to make methamphetamine with reckless disregard of its intended use involves manufacturing methamphetamine); *Jones v. United States*, No. 1:11cr10004, 2018 WL 1618335 (W.D. Ark. Apr. 4, 2018) (same as to possession of drug paraphernalia with intent to manufacture controlled substance); *see also United States v. Vickers*, 540 F.3d 356, 365-66 (5th Cir. 2008) (offering to sell drugs is sufficiently related to distribution to qualify as a serious drug offense, even though a conviction could be obtained where a defendant did not actually have any drugs to sell or ever intend to obtain them).

Based on the foregoing, the Court concludes that a conviction under Fla. Stat. § 893.149(1) "involves" manufacturing a controlled substance for purposes of the ACCA. Because the offense also carries a maximum sentence of 15 years' imprisonment, it constitutes a "serious drug offense" under the ACCA. Having three qualifying prior convictions—two violent felonies, one serious drug offense—Miles is properly classified as an armed career criminal for sentencing purposes. Accordingly, Miles' objection to the armed career criminal classification is **OVERRULED**.

SO ORDERED, on this 21st day of July, 2021.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:20cr082/MCR