**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,
    Plaintiff,

v
                                  Case Number: 3:20-CR-82MCR

CHRISTOPHER E. MILES
    Defendant.

## ORDER OF DETENTION

The Defendant appeared before this Court for a detention hearing on Friday, April 03, 2026, pending a hearing to revoke Defendant's supervised release. The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), which incorporates 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides that the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under 3142(b) or (c)." Additionally, Rule 32.1(a)(6) makes clear that "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

After considering the evidence proffered by the Defendant, and the evidence proffered by the Government, the Court finds Defendant is subject to supervised release pursuant to a Judgment in a Criminal Case and Defendant has not established by clear and convincing evidence that he is not a danger to the community or a risk of flight for the reasons stated on the record, including the following:

Defendant was sentenced in October 2023 to 77 months of incarceration, followed by 3 years of supervised release after pleading guilty to one count of being a convicted felon in possession of a firearm or ammunition. Defendant began his term of supervised release on January 7, 2026. According to US Probation Office, since that time Defendant has moved six times and has failed to advise the USPO of his current residence. Also, on February 16, 2026, Defendant tested positive for methamphetamines and amphetamines. Defendant also admitted to using controlled

substances prior to his initial appearance in March 31, 2026, and tested positive for controlled substances.

Defendant has an extensive and continuous criminal history, beginning when he was 16 years old. He has been incarcerated multiple times and his convictions include felony battery, several convictions related to the possession or distribution of a controlled substance, unlawful possession of a firearm, and manufacturing methamphetamines. His history also includes at least 19 violations of probation or violations of community control. Those violations are for the same type of conduct alleged in the petition, that is, for use of controlled substances and for failing to advise probation of his residence. Defendant also has a history of mental instability and violence against women, including his ex-wife.

Although Defendant seeks to be released to his mother's residence, according to USPO, the mother has on other occasions refused to allow Defendant to return or reside at her home because of psychotic episodes. On these occasions, Defendant drifts from a girlfriend's home to a hotel and fails to report to USPO. He has also been found by law enforcement walking along the highway. Defendant has reported to probation that law enforcement is chasing him. Defendant was also Baker Acted on February 20, 2026 at the request of his mother. Also, prior to the warrant being issued, Defendant made contact with law enforcement after engaging in an argument with his girlfriend at the Wyndham Suites hotel.

As discussed in open court, given Defendant's erratic behavior, unstable residence, mental health issues, history of violence, and continued abuse of controlled substances (which only exacerbate his mental health issues), the Court finds under the 3142(g) factors that there are no conditions or combinations of conditions that the Court could impose which would reasonably assure the Court Defendant will not pose a danger to the community or be a risk of nonappearance.

The Defendant is therefore DETAINED pending a final adjudication on the petition to revoke supervised release.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant

3:20-CR-82MCR

is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The Defendant is remanded into the custody of the United States Marshal.

Entered on April 3, 2026

s/ *Hope Thai Cannon*

HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE

3:20-CR-82MCR